JOHNSTONE, Justice
(dissenting).
I respectfully dissent. The petitioner, MCC, has not established that the March 15, 2001 discovery order is not legitimately based on a finding of sanctionable conduct by MCC.
MCC’s December 1, 2000 response to the plaintiffs discovery requests consisted solely and entirely of objections, even though the information sought by the requests was largely patently discoverable. MCC initially supplied not one shred of the information sought.
The scope of Judge Woodall’s December 12, 2000 order granting the plaintiffs first motion to compel is in dispute between the parties. Judge Woodall heard the motion in open court, issued his discovery order from the bench, and memorialized it with only a cryptic writing.
On February 14, 2001 the plaintiff filed his second motion to compel, which sought sanctions. At issue before Judge Thorn were both the sufficiency of MCC’s supplemental responses and the propriety of sanctions against MCC. While Judge Thorn was hearing the plaintiffs second motion to compel, Judge Thorn conferred with Judge Woodall, with the parties’ consent, to learn the scope of Judge Woodall’s December 12, 2000 discovery order.
MCC has not supplied us with any record of the conference between Judge Thorn and Judge Woodall to enable us to know what Judge Thorn learned. Judge Thorn’s March 15, 2001 discovery order, at issue before us now, is the product of his knowledge of the plaintiffs discovery requests, MCC’s objections and other responses, the plaintiffs motions to compel, the parties’ arguments in open court (also not supplied to us by MCC), and Judge Thorn’s conference with Judge Woodall.
In the absence of specific findings of fact, appellate courts will assume that the trial court found the facts necessary to support its judgment, unless such findings would be clearly erroneous. Lemon v. Golf Terrace Owners Ass’n, 611 So.2d 268 (Ala.1992). The calculated nonresponsiveness of MCC’s discovery responses is not inconsistent with findings of sanctionable conduct by MCC; we are unable to hold that such findings would be clearly erroneous, because MCC has failed to supply us with the rest of the story — the oral arguments before Judge Thorn and Judge Thorn’s conference with Judge Woodall.
Therefore MCC has failed to carry its burden to establish “(1) a clear legal right in the petitioner to the order sought [and] (2) an imperative duty upon the respondent [trial judge] to perform,” as required, in pertinent part, for the issuance of a writ of mandamus. Ex parte Henry, 770 So.2d 76, 79-80 (Ala.2000). Accordingly, we should deny the writ.